Tion J. HASSEN v. WICKES LUMBER
COMPANY and ARGONAUT INSURANCE
COMPANY

CA 80-219                                        606 S.W. 2d 611
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*Anthony W. Bartels*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, by: *C. David Landis*, for appellees.

JAMES H. PILKINTON, Judge. This is a workers' compensation case. The administrative law judge, after a hearing, concluded that claimant was permanently totally disabled but had failed to show that his disability was caused by an injury sustained in August of 1974. The claimant appealed to the Arkansas Workers' Compensation Commission contending that he is permanently and totally disabled as a result of his August 9, 1974, injury. The Commission adopted the findings and opinion of the administrative law judge and affirmed. Claimant has appealed from the decision of the Commission.

This court's inquiry on appeal is limited to the determination whether there is any substantial evidence to support the Commission's findings, and we must affirm the decision of the Commission on the question of causation, unless there is *no* substantial evidence to support it. As stated another way, this court will not reverse the Arkansas Workers' Compensation Commission's finding that claimant failed to meet his burden of proof on causation unless fair-minded persons could not have arrived at a finding adverse to claimant. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

The claimant, age 56, started working full-time for Wickes Lumber Company in January of 1961. He first hurt his back in Plainfield, Illinois, while working as assistant manager for Wickes. He underwent a spinal fusion in January, 1963. Following this operation, claimant returned to work and continued working for Wickes until sometime in May, 1973, when his back required a second operation which was performed in Dallas, Texas. The claimant underwent a procedure called "chemonucleosis", which consisted of inserting chemicals into the disc to dissolve it. Since that time

this operation has been outlawed by the Federal Drug Administration. Claimant entered into a joint petition settlement for this second injury.

As a result of the aforementioned, the claimant sustained substantial permanent disability to his back. Claimant had been assigned a 5% permanent partial disability to the body as a whole as the result of his 1963 injury; and also was given a 20% permanent partial disability rating in 1973 because of the injury then sustained to his back. In addition the claimant has suffered from other illnesses, including glaucoma, kidney stones and a total hip replacement on November 29, 1977, none of which were related to claimant's employment.

The claimant sustained an injury to his back on August 19, 1974, while carrying a box for the Wickes Corporation in the Jonesboro store. Claimant was manager of the Jonesboro store at the time. The claimant continued working subsequent to the August, 1974, injury and worked through January 15, 1976, when he was forced to quit, on the advice of his physician, due to pain. The respondents, appellees here, paid him temporary total disability through September 1, 1978. The evidence showed that his healing period following the August, 1974, injury had ended prior to that date.

The Commission found that respondents have paid all appropriate benefits following the 1974 incident, and determined that claimant is not entitled to additional workers' compensation benefits as a result of his August 19, 1974, injury. The sole issue presented for determination by this court is whether there is any substantial evidence to support this decision. In a workers' compensation case, the courts must review and interpret the evidence, and all reasonable inferences deducible therefrom, in the light most favorable to the findings of the Commission and give the testimony its strongest probative force in favor of the action of the Commission, whether it favored the claimant or the employer. As pointed out in *Clark* v. *Peabody Testing Service. supra*, there is no inconsistency in the requirement that the Workers' Compensation Commission must resolve all doubts in favor of the claimant and that the courts must affirm the Commission's decision if it is supported by substantial evidence.

In addition to the claimant, his wife testified in his behalf but, basically, this case presented a medical question. There is medical testimony in the record to show that claimant had permanent disability to his back prior to August, 1974, and that the degree of disability he had after August, 1974, as a result of the back condition, was no greater than the disability he had as a result of his back condition before August, 1974. As pointed out above the claimant had a total hip replacement performed on November 29, 1977, which was not job-related but the evidence shows was totally disabling. The evidence was that appellant had continued to work until his hip gave him trouble, and the Commission concluded that claimant's present total disability is because of his hip. In any event, the Commission found that claimant had failed to discharge the burden of proof required to establish causation between the August, 1974, injury to his back and his present total disability. As there is substantial evidence in the record to support this conclusion, we must affirm. Even if it could be said that the evidence might support a result different from that reached by the Commission, we are not at liberty to upset the decision of the Commission because we find substantial evidence to support it. See *Clark* v. *Peabody Testing Service*, *supra*, and cases there cited.

Affirmed.